IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR318 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | MEMORANDUM AND ORDER |
| ALONZO WYNNE, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on a Report and Recommendation (Filing No. 95) of a Magistrate Judge recommending that I accept the Defendant's plea of guilty. There are no objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record.

The Defendant appeared before the Magistrate Judge to enter a plea of guilty to Counts I (drug conspiracy), IV (criminal forfeiture), XI (18 U.S.C. § 924(c)(1)(A)), and XIV (criminal forfeiture) of the Superseding Indictment. There appears to be some confusion as to the penalties associated with Count XI.

*Term of Imprisonment*

Regarding Count XI, the criminal cover sheet incorrectly describes the penalty associated with 18 U.S.C. § 924(c) as "5 Yrs Consec." (Filing No. 27.) The Defendant was advised by Magistrate Judge Thalken at his initial appearance and arraignment on the Superseding Indictment that he faced a penalty of a minimum consecutive term of 5 years imprisonment. (Filing No. 48.) The plea agreement incorrectly states the penalty as a consecutive term of "5 years."[1] (Filing No. 98.) At the change of plea hearing, the

---

[1] The statute provides that the relevant term of imprisonment is "not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). The maximum term of imprisonment for a § 924(c) conviction is life imprisonment. *United States v. Sandoval,* 241 F.3d 549, 551 (8th Cir. 2001).

Magistrate Judge referred to the penalty for Count XI as a consecutive term of "five years," apparently in reliance on the plea agreement.  (Filing No. 111, at 10.)

*Term of Supervised Release*

Finally, as the maximum statutory term of imprisonment in the event of a conviction of Count XI is life imprisonment, the offense is a Class A felony and therefore the statutory term of supervised release is "not more than five years."  18 U.S.C. §§ 3559(a)(1) & 3583(b)(1).  However, the cover sheet states that the Defendant faces a 3-year term of supervised release with respect to Count XI.  (Filing No. 27.)  At his initial appearance and arraignment, he was advised that he faced up to 3 years supervised release with respect to Count XI.  (Filing No. 48.)  In the plea agreement and at the plea hearing, the Defendant was advised that he faces at least a three-year term of supervised release if he is convicted of Count XI.  (Filing No. 98; Filing No. 111, at 10.).)

*Conclusion*

Viewing the totality of the circumstances, the Court concludes that the Defendant did not knowingly and intelligently enter a plea of guilty to Count XI of the Superseding Indictment.  Therefore, the change of plea hearing is continued.  After counsel and the Defendant have prepared a corrected plea agreement and plea petition, both counsel shall contact Edward Champion, who will and schedule a change of plea hearing before the undersigned.

This error has occurred previously and may require attention by staff in the Office of the United States Attorney to prevent a recurrence.  *See, e.g., United States v. McGregor,* 8:07CR152 (Filing No. 45).

IT IS ORDERED:

1. The Report and Recommendation (Filing No. 95) is overruled;

2. The Clerk is directed to strike the Order on Sentencing Schedule (Filing No. 94);

3. The change of plea hearing is continued;

4. Both counsel and the Defendant must correct by interlineation and initial the plea agreement and plea petition. The government must then provide the corrected documents to the Court as the "amended plea agreement" and the "amended plea petition" before the change of plea hearing as required under local rule;

5. Under 18 U.S.C. §§ 3161(h)(1)(I) and 3161(h)(8)(A) and 3161(h)(8)(B)(i), the time between today's date and the date of the change of plea hearing to be scheduled before the undersigned will be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act. The ends of justice have been served by granting the motion and outweigh the interests of the public and the Defendant in a speedy trial. The failure to grant additional time could result in a miscarriage of justice; and

6. The Clerk is directed to send a copy of this Memorandum and Order to the U.S. Probation Office.

DATED this 27th day of January, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge