IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR318 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ALONZO E. WYNNE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Alonzo E. Wynne: Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 196); for discovery (Filing No. 197); and for leave to proceed in forma pauperis (Filing No. 199). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Wynne pleaded guilty to Counts I, IV, XI, and XIV of the Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base and 500 grams or more of a mixture or substance containing cocaine (Count I); using and carrying a firearm during and in relation to the crime charged in Count I (Count XI); and forfeiture (Counts IV and XIV). The plea agreement advised Wynne that he faced a term of imprisonment between 10

years to life for Count I and, for Count XI, "imprisonment of at least 5 years and not more than life imprisonment that must be served consecutively to any sentence imposed under Count I." (Filing No. 140, ¶ 1.) Furthermore, the plea agreement stated that "the Defendant's sentence on Count XI, should be 5 years of imprisonment consecutive to the sentence for Count I." (*Id.*, ¶ 6(c).) Under oath at his change of plea hearing, Wynne stated he understood the plea agreement and the consecutive term of imprisonment. The PSR reflected the following potential terms of imprisonment: 151-188 months for Count I; and 60 months, consecutive, for Count XI. On March 30, 2009, Wynne was sentenced to a term of 130 months imprisonment on Count I and 60 months consecutive on Count XI. His timely § 2255 motion followed.

## DISCUSSION

In order to establish ineffective assistance of counsel, Wynne must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires Wynne to demonstrate that his counsel's seriously deficient performance prejudiced his defense. *Id*. at 687.

Wynne argues his attorney was ineffective throughout his case for failing to: challenge the sentence imposed on Count XI; and properly advise him regarding the terms of imprisonment he faced. He reasons that because the offenses charged in Counts I and

XI are part of the same criminal "transaction," they are "excepted" under 18 U.S.C. § 924(c)(1)(A).

Section 924(c)(1)(A) states in relevant part: "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," a defendant is subject to one of the minimum terms of imprisonment set out in § 924(c)(1)(A). In interpreting this first clause in § 924(c)(1)(A), Wynne relies on *United States v. Whitley,* 529 F.3d 150, 153-58 (2d Cir. 2008). The *Whitley* court, however, acknowledges a circuit split regarding the issue. *Id.* at 156 (citing *United States v. Alaniz,* 235 F.3d 386, 389 (8th Cir. 2000)). In deciding *Alaniz,* the Eighth Circuit analyzed the language of § 924(c)(1)(A) and concluded that the statutory reference to "any other provision of law" does not refer to laws relating to predicate drug crimes. *Alaniz,* 235 F.3d at 389.

Wynne's argument regarding the length of the sentences he faced is precluded by Eighth Circuit law, and he has not shown either prong of the *Strickland* test. Therefore, his § 2255 motion must be summarily dismissed.

IT IS ORDERED:

1.  The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 196);

2.  Upon initial review, the Court summarily dismisses the Defendant's claim raised in the § 2255 motion;

3.  A separate Judgment will be issued denying the § 2255 motion;

4. The Defendant's motion for discovery (Filing No. 197) is denied;

5. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 199) is denied; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 28th day of June, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge